ELECTRONICALLY FILED - 2022 Oct 21 8:50 AM - HORRY - COMMON PLEAS - CASE#2022CP2606587

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| HORRY COUNTY | ) | C.A. No: |
| | | |
| JACK JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | SUMMONS |
| | ) | (JURY TRIAL REQUESTED) |
| HORRY COUNTY POLICE DEPT., | ) | |
| | ) | |
| Defendant. | ) | |

**EXHIBIT A**

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action a copy of which is hereby served upon you, and to serve a copy of your Answer to the Complaint on the subscriber at his office at 4000 Faber Place Drive, Suite 300, North Charleston, SC 29405 within thirty (30) days after the service thereof, exclusive of the day of service. If you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you.

Respectfully Submitted,

*s/Bonnie Travaglio Hunt*
Bonnie Travaglio Hunt
Hunt Law LLC
Federal Bar # 07760
SC Bar # 12341
Attorney for the Plaintiff
4000 Faber Place Drive, Suite 300, N. Charleston, 29405
Post Office Box 1845, Goose Creek, SC 29445
(843)553-8709
Facsimile (843)492-5509
bthunt@huntlawllc.com

October 18, 2022

ELECTRONICALLY FILED - 2022 Oct 21 8:50 AM - HORRY - COMMON PLEAS - CASE#2022CP2606587

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| HORRY COUNTY | ) | C.A. No: |
| | | |
| JACK JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | (JURY TRIAL REQUESTED) |
| HORRY COUNTY POLICE DEPT., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Plaintiff, Jack Johnson, by and through his undersigned attorney Bonnie Travaglio Hunt of Hunt Law LLC, does hereby make the following claims and allegations against the Defendant, Horry County Police Department:

### PARTIES AND JURISDICTION

1.    The Plaintiff is a resident of the State of South Carolina.

2.    The Defendant, Horry County Police Department (hereinafter referred to as Defendant) is a public entity which is subsidiary of Horry County and subject to Federal Statutes.

3.    This action is brought pursuant to Title VII of the Civil Rights Act of 1964.  The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law and state law which rights provide for injunctive and other relief for illegal discrimination in employment.

4.    All parties and events herein mentioned are within the jurisdiction of this Honorable Court.

5.    This Court has jurisdiction over the parties and subject matter and venue is proper.

ELECTRONICALLY FILED - 2022 Oct 21 8:50 AM - HORRY - COMMON PLEAS - CASE#2022CP2600687

## PROCEDURAL HISTORY

6.   That on June 6, 2021, the Plaintiff filed a charge of discrimination with the EEOC

alleging discrimination based on Age Discrimination, Disability Discrimination and

Hostile Work Environment.

7.   That the Charge of Discrimination set forth the following:

I.      *That I am a currently employee of the Horry County Police Department.*

II.     *That I suffer from a disability. I have a glass eye.*

III.    *That recently during my employment I believe that I have discriminated against, demoted, and subjected to a hostile work environment based on my disability.*

IV.     *That other employees are treated more favorably that are outside my protected category.*

V.      *That younger non-disabled employees are treated more favorably with assignments, promotions, and overall work environment.*

VI.     *That younger individuals have been treated more favorably and not disciplined for the same issues that I have been disciplined for.*

VII.    *That individuals who are not perceived as disabled are treated more favorably, not bullied, not harassed, and not subjected to discrimination.*

VIII.   *That I am being treated differently based on my age, disability, and former complaints of discrimination, harassment, and retaliation.*

ELECTRONICALLY FILED - 2022 Oct 21 8:50 AM - HORRY - COMMON PLEAS - CASE#2022CP2606587

IX.    *That I have been discriminated against based on my age in violation of the Age Discrimination in Employment Act.*

X.    *That I have been discriminated against based on my Disability in violation of ADA.*

XI.    *That I was subjected to a hostile work environment based on my perceived Disability and Age in violation of Americans with Disabilities Act and the Age Discrimination in Employment Act.*

8.    On July 9, 2021, the Plaintiff filed a second charge of discrimination alleging:

I.    *That I am a former employee of the Horry County Police Department*

II.    *That I suffer from a disability. I have a glass eye and suffer from TBI. That I have had to seek treatment for my condition regarding TBI.*

III.    *That as a result of the discrimination in my employment I have been constructively discharged.*

IV.    *That the treatment I received regarding my disability no reasonable employee would have subjected themselves to that work environment.*

V.    *That other employees are treated more favorably that are outside my protected category based on my physical disability or my TBI.*

VI.    *That younger non-disabled employees are treated more favorably with assignments, promotions, and overall work environment.*

VII.    *That younger individuals have been treated more favorably and not disciplined for the same issues that I have been disciplined for.*

VIII.    *That individuals who are not perceived as disabled are treated more favorably, not bullied, not harassed, and not subjected to discrimination.*

ELECTRONICALLY FILED - 2022 Oct 21 8:50 AM - HORRY - COMMON PLEAS - CASE#2022CP2606587

IX.   *That I was being treated differently based on my age, disability, and former complaints of discrimination, harassment, and retaliation.*

X.    *That I have been discriminated against based on my age in violation of the Age Discrimination in Employment Act.*

XI.   *That I have been discriminated against based on my Disability in violation of ADA.*

XII.  *That I was subjected to a hostile work environment based on my perceived Disability and Age in violation of Americans with Disabilities Act and the Age Discrimination in Employment Act.*

9.   The Charge of Discrimination was referred to the South Carolina Human Affairs for investigation.

10.  The South Carolina Human Affairs Commission conducted an investigation into the Plaintiff's Charges of Discrimination.

11.  On July 10, 2022, the South Carolina Human Affairs Commission issued its Right to Sue to the Plaintiff.

12.  That the EEOC issued a right to sue on August 23, 2022.

13.  The EEOC Right to Sue set forth "The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge. The EEOC is terminating its processing of this charge. This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice. Receipt generally occurs on the date that you (or your representative) view

ELECTRONICALLY FILED - 2022 Oct 21 8:50 AM - HORRY - COMMON PLEAS - CASE#2022CP2606587

this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)"

14. That not more than 90 days have passed since the issuance of the Right to Sue.

## FACTS

15. That the Plaintiff is a Caucasian Male over the age of forty who suffers from a disability.  The Plaintiff has significant experience in Law Enforcement.  The Plaintiff also possesses a Master's Degree in Criminal Justice.

16. In 1989, the Plaintiff moved to Socastee where he became a volunteer Fire Fighter with Horry County before graduating High School in 1990.

17. On October 10, 1990, the Plaintiff joined the Army to be a military police officer. The Plaintiff served in the Gulf War.  After serving in the Gulf War the Plaintiff was transferred to Hawaii.  While in Hawaii the Plaintiff began to rodeo in his spare time.   In 1995, the Plaintiff was injured during a rodeo and suffered significant injuries.  Including but not limited to, a kick to the head which crushed his face and lost his left eye.

18. In 2012-13, the Plaintiff was medically discharged from the Military and was given an Army Commendation Award for heroism for saving the life of another soldier.

19. After leaving the military the Plaintiff moved to North Carolina and attended UNC Pembroke where he received his BA in Criminal Justice.  While in North Carolina the Plaintiff continued to work as a volunteer firefighter and worked as an RCA and Security Guard.

ELECTRONICALLY FILED - 2022 Oct 21 8:50 AM - HORRY - COMMON PLEAS - CASE#2022CP2606587

20.   In 1999, the Plaintiff and his family moved to West Carthage, New York where the Plaintiff joined the Volunteer Fire Department.  The Plaintiff began work as an Americans with Disabilities Advocate with the Northern Regional Center for Independent Living (NRCI).

21.   The Plaintiff later began working as a professional rodeo clown to include rodeos sanction by the International Professional Rodeo Association.

22.   The Plaintiff returned to the Myrtle Beach area in 2002.  The Plaintiff attempted to join the Horry County Volunteer Fire Department but was refused membership due to his disability.  The Plaintiff filed a complaint against Horry County which agreed to allow him to volunteer but he was not permitted to drive a truck.  The Plaintiff was also doing rodeo again.

23.   On January 26, 2004, the Plaintiff was hired by the Horry County Police Department.  The Plaintiff was considered a excellent police officer.

24.   The Plaintiff tested for the Corporal position within the department for 10 years.  Several times the Plaintiff made the top of the list the list was scraped, and he did not receive the position.  The Plaintiff was finally promoted and held the position for 2 years, specifically alone running the shift for 8 months.

25.   The Plaintiff was promoted to SGT in December of 2018.  The Plaintiff was a SGT in the West Precinct when he was first promoted.  The Plaintiff was transferred to the South Precinct in spring 2019.

26.   The Plaintiff was diagnosed with PTSD and Depression during his divorce and began seeking assistance from EAP.  The Plaintiff was required to change EAP

ELECTRONICALLY FILED - 2022 Oct 21 8:50 AM - HORRY - COMMON PLEAS - CASE#2022CP2606587

providers.  The Plaintiff at this time was diagnosed with TBI and learned that his spelling and grammar had issues due to the injury he suffered years before.

27.    In the Spring and Summer of 2019, the Plaintiff's supervisors changed.  In the Summer of 2019, the Plaintiff's Lt. became Hutchins.  The Plaintiff and Hutchins had a tumultuous relationship with Hutchins targeting the Plaintiff on many occasions.  Hutchins and Furr left the South Precinct and the Plaintiff had no further issues in the South Precinct regarding his performance or relationship with his employees.

28.    In October 2019, the Plaintiff began doing rodeos again.

29.    The Plaintiff was still considered an excellent officer according to evaluations.

30.    In 2020, the Plaintiff went on a call where a baby died and another in 2021 where they had a bridge jumper.  The Plaintiff found the bridge jumper off the 544 and he was still alive. The Plaintiff had to deal with the loss of the jumper.

31.    After the jumper, the Plaintiff was asked if he needed to see EAP.  The Plaintiff informed his supervisor that he was being treated at the VA.  Captain Hutchins informed the Plaintiff that it did not matter where was getting treatment it was not the department's doctors, so it was not good enough.

32.    The Plaintiff began counseling with his ex-wife on April 28th.  The Plaintiff was considering seeking treatment through the SCLEAP program.  On May 15th the Plaintiff was accepted into the SCLEAP program and began therapy on the 17th.

33.    The Plaintiff informed the Defendant of the issues with his health including all diagnosis.

ELECTRONICALLY FILED - 2022 Oct 21 8:50 AM - HORRY - COMMON PLEAS - CASE#2022CP2606587

34. Hutchins and Furr returned to the South Precinct in 2021 and the harassment of the Plaintiff based on his disabilities began.

35. When the Plaintiff arrived at the South Precinct where the call volume is high, he began to notice several issues regarding the shift. The Plaintiff constantly complained about certain issues on the squad and the appearance to the public. The Plaintiff went to his supervisors with the following:

*1.     The Squad ate together every night no matter what was happening and had us against them attitude as if they were better than the citizens that we were serving. I several times went to eat dinner with them and found the entire squad there with several calls pending expecting one or two to be there. I was notified once of a domestic that officers GPS showed them at River City Café for the last 45 minutes after they were dispatched to a Domestic in progress from a 3rd party caller. I told the squad that this is not acceptable and that I liked the squad eating together, but the calls took priority. Previous chains of command prohibited more than two officers from eating together. (Captain Hutchins pointed this out to me before I got demoted that it didn't look good when they were trying to get more officers from county counsel, but 6 guys would be eating at the same place at the same time giving the appearance that we had plenty of manpower.)*

*2.     Heavy-handed response to calls, for example, the call would require 2 officers, but officers would request calls to be placed into pending so they could respond. I would go to domestics with 4 officers on scene with calls pending. I got a call from Summer Gasque once who told me that they knew how to run the shift before I got there, and I needed to trust them and stop canceling them.*

*3.     Use of force issues, when responding to calls, the officers were quick to draw their weapons and curse at suspects. I brought this to Koposh's attention, and we argued about it, he would tell people if he was going to blow their heads off, I tried to tell him that that did not look good, it would be better to change his verbiage to, don't make me shoot you. I contacted IA King Hemmingway for an off-the-record conversation about this and he agreed that it was an issue that was going to get the officer in trouble if he didn't change his ways.*

*4.     No community policing skills, I was on the COT team for 5 years and part of that time I was directed to stay in the Race Path Community for 4 hours a shift to build community repour and deter crime, therefore, reducing the fear of crime. I also was assigned most issues with the homeless population. The squad had the opinion that it was a high-crime neighborhood, and no one should be going in by themselves. I noticed that the only time they went in the neighborhood, they were*

ELECTRONICALLY FILED - 2022 Oct 21 8:50 AM - HORRY - COMMON PLEAS - CASE#2022CP2606587

*going there for a call or to hunt dope. I tried to get them to take a different approach. The people in that neighborhood are good people with a bad element and the good people in that neighborhood who have to live with the bad element don't trust the police when they are just there because they were called there or just to put someone in jail.*

*5.        Possible discrimination against a Spanish female that was on the squad. Officer Koposh came to me stating that PFC Cassity was not pulling her weight. I had noticed that when the others on the squad backed her up on the calls, she was being told what to do by them and not trusting her to make good decisions and she was not going to learn this way. She started calling me on calls and asking questions and I would not just give her the answer but ask questions so she could make her own decision. I watched her grow leaps and bounds in the short time I supervised her. I also noticed while they were putting calls in pending to go to other calls that they were not needed on, Cassidy was taking the calls that were being put into pending. I pulled the calls for service using what I had learned in Collage and CompStat to identify problems and found that Cassidy was doing about 4 times the reports than Kopash and about twice the reports of the others on the shift. Even though Kopash was shown responding to Jmore calls than anyone else on shift, he was responding as backup, therefore, neglecting his duties in my opinion.*

*6.        CPL Dietzel on SWAT training or operations. The Squad was always short, and CPL Dietzel was always calling me and telling me they had training or had to do an operation. He would tell me the training was mandatory. I was under the impression that they had to make one training a month and the road came first. I questioned Dietzel a lot on it, but I don't recall telling him he could not go.*

36.    The complaints by the Plaintiff were not well received by Hutchins and he ignored them and failed and refused to do anything about the legal issues.

37.    On one occasions Hutchins asked the Plaintiff in a meeting if he needed EAP, the Plaintiff informed Hutchins that he was in treatment at the VA. Hutchins would also ask the Plaintiff if he needed EAP outside of meetings.

38.    In 2021 the Plaintiff was required to wear a brace for his ankle. At this time the Defendant was aware of the Plaintiff's eye, back, depression, TBI, PTSD, ankle, and physical limitations.

ELECTRONICALLY FILED - 2022 Oct 21 8:50 AM - HORRY - COMMON PLEAS - CASE#2022CP2600687

39. The Defendant was well aware of all of the Plaintiff's health issues including his treatments.

40. That the Plaintiff had no discipline during his employment up until Hutchinson and Furr became his supervisors again.

41. Not long after making his complaints regarding B squad the Plaintiff had a new supervisor, Lt. Vaught. The Plaintiff had no issues under Vaught despite several individuals in the County attempting to create them. Vaught left the precinct and Lt. Delpercio became the Plaintiff's supervisor.

42. The Plaintiff began to have problems with Officer Taylor who failed and refused to follow instructions. Taylor was doing questionable searches which were a violation of the policies and procedure of the Department and the law. The Plaintiff was constantly correcting Taylor's behavior, including failure to use his body camera, improperly charging suspects, and violating the 4th amendment.

43. Not long after several incidents with Taylor, Hutchins and Furr came to the South Precinct to talk to the Plaintiff. Hutchins vented about lazy officers and the failure of another Captain to properly do his job that could be criminal, and that Captain could be prosecuted. Hutchins and Furr continued to berate the plaintiff and tell him biblical stories.

44. The Plaintiff decided to change how he was viewing the shift and take a more administrative role.

45. In February 2021, the River flooded. Lt Furr contacted the Plaintiff and told him to have his people work mandatory flood duty. The Plaintiff informed Furr he was short of people and requested help. Furr informed him No there would be no help.

ELECTRONICALLY FILED - 2022 Oct 21 8:50 AM - HORRY - COMMON PLEAS - CASE#:2022CP2600587

The Plaintiff volunteered to work flood duty, but Furr specifically instructed him he was not to do so. The Plaintiff informed Furr this looks bad to my people-me sitting at home and them working mandatory flood duty and us being short-handed.

46. During the flood, the plaintiff was required to respond to a shots fired call with Taylor. To get to the call Taylor and the plaintiff were required to go through flooded areas. Taylor informed the Plaintiff that it did not look like they would be able to get through the flooded areas despite people driving through them all day. The Plaintiff instructed him that there could be victims on the other side. Taylor ignored any instructions and drove through the flooded area entirely too fast and flooded out his car. The Plaintiff was given two days suspension for the incident and informed that if he did not sign the write up he would be further disciplined. The Plaintiff grieved the write up. The Plaintiff spoke to the Deputy Chief and the Chief regarding the write up. The write up was rewritten. The incident went to the Accident Review Board who found that the vehicle damage was unavoidable, and that the Plaintiff was guiltless.

47. On May 5th, 2021, the Plaintiff witnessed Lt. Delpercio inform officers that he did not care if officer arrested DUI's and took them to jail he just wanted them off the street. The Plaintiff disagreed with this perception and informed him that it was the policy of the Department tot arrest DUI.

48. During this time, the Plaintiff suffered commentary regarding his various health conditions.

49. On May 10, 2021, the Plaintiff had a discussion with SGT Furr regarding incidents with Taylor. Furr informed the Plaintiff that IA was angry with him. The Plaintiff

ELECTRONICALLY FILED - 2022 Oct 21 8:50 AM - HORRY - COMMON PLEAS - CASE#2022CP2606587

informed Furr that he had a right to defend himself and that he would bring a lawyer next time. Furr instructed the Plaintiff not to get lawyers involved it will result in further discipline. During this discussion, Furr began to address issues for the Plaintiff that did not exist. At this time, the Plaintiff believed that he was being discriminated against due to his various health issues and was targeted to be terminated for those issues.

50. On May 12, 2021, CPT Vaught called the Plaintiff and informed him Taylor was having a nervous breakdown. Taylor had been summoned to the Chief's office, had his weapon taken and sent home. Furr told the Plaintiff he needed to take Taylor to meet with the Chief. The Plaintiff informed Furr he had a counseling appointment and would cancel because his men came first.

51. On May 13, 2021, the Plaintiff took Taylor to the Chief's office for a meeting. Taylor was given a one-day suspension.

52. On May 16, 2021, the Plaintiff decided to be a better SGT and apologized to various officers regarding the Road Rage Call that he was not to be disciplined for.

53. On May 18, 2021, the Plaintiff was informed that he was being demoted for harassment. The basis of this was not presented to the Plaintiff and he was not allowed to review the information.

54. The Plaintiff protested and requested that he be allowed to put in a voluntary demotion. The Chief refused.

55. As an employee, the Plaintiff was very familiar with all policies and procedures of the Defendant. At no time did the Plaintiff violate any policies of the Defendant.

ELECTRONICALLY FILED - 2022 Oct 21 8:50 AM - HORRY - COMMON PLEAS - CASE#2022CP2606587

56. The Plaintiff began to search for other employment. The Plaintiff feared that the discipline was due to his challenges to the department and his disability. The Plaintiff began to realize that the department believed his disabilities to be a liability.

57. That the Plaintiff was treated differently based on his disabilities whereas others who committed much more egregious actions were allowed to remain in their positions and continue their actions that placed the county in a bad light.

58. The Plaintiff suffered constant commentary regarding his mental health and requests if he needed EAP despite seeking treatment through the VA.

59. The Plaintiff was subjected to differential treatment based on his age. Other younger employees such as Taylor were not subjected to the same discipline. That the discipline the Plaintiff was subjected to was in retaliation for his complaints regarding differential treatment based on his disability.

60. The Plaintiff was targeted because of his disabilities in a hostile work environment.

61. The Plaintiff was constructively discharged based on the actions of the Defendant.

62. That as a direct and proximate result of the Defendant's intentional and unlawful action of discrimination against the Plaintiff, the Plaintiff has suffered lost wages, emotional damages, compensatory and consequential damages.

63. That the Plaintiff is entitled to an award of actual damages, compensatory, consequential, and punitive damages against the Defendant for his unlawful discrimination and hostile work environment that led to his constructive discharge.

64. That as a direct and proximate cause of the Defendant's wrongful termination in violation of discrimination based on Age and Disability, Retaliation and hostile work environment of the Plaintiff, the Plaintiff:

ELECTRONICALLY FILED - 2022 Oct 21 8:50 AM - HORRY - COMMON PLEAS - CASE#2022CP2606587

    a.     Suffered the loss of his job;

    b.     Suffered the loss of benefits associated with his job;

    c.     Suffered future lost wages and benefits;

    d.     Suffered consequential and compensatory damages;

    e.     Suffered emotional damages;

    f.     Incurred attorney's fees and costs as a result of having to bring this action.

65.     That the Plaintiff is entitled to an award of damages against the Defendant for actual damages, consequential damages, punitive damages, attorney's fees, costs of this action and other damages, such as this Honorable Court deems appropriate and just appropriate.

### FOR FIRST CAUSE OF ACTION

### DISCRIMINATION IN VIOLATION OF AMERICANS WITH DISABILITIES ACT

66.     Paragraphs one (1) through sixty-five (65) are hereby incorporated verbatim.

67.     The Defendant is an employer as defined in ADA.

68.     That the Plaintiff is an employee as defined by the ADA.

69.     That the Plaintiff was considered an exemplary employee.

70.     That while he has been employed with the Defendant, the Plaintiff has been able and has performed his job duties in a satisfactorily level of the Defendant.

71.     That throughout the Plaintiff's employment the Plaintiff suffered from physical and mental disabilities including vision, knee, shoulder, ankle, depression, anxiety, and PTSD. The Defendant was aware of these issues.

72.     That the Defendant perceived the Plaintiff as disabled and wanted to find any reason to terminate the Plaintiff's employment.

ELECTRONICALLY FILED - 2022 Oct 21 8:50 AM - HORRY - COMMON PLEAS - CASE#2022CP2606587

73. That the Defendant considered the Plaintiff's disability or perceived disability when considering any and all employment decisions. The Plaintiff was subjected to a hostile work environment and discrimination that no reasonable person would have continued to suffer.

74. That the Defendant treated younger non-disabled employees more favorably.

75. That the Defendant constructively discharged the Plaintiff from his employment because of his perceived disability and their unwillingness that they may have to accommodate the disability.

76. That the Defendant violated its own policies and procedures when it allowed employees to harass the Plaintiff based on a perceived disability.

77. As a result of that perceived disability the Defendant's employees terminated his employment.

78. That the Defendant discriminated against the Plaintiff based on his disability, record of disability, and or perceived disability.

79. That the Defendant is the proximate and direct cause of damage to the Plaintiff.

80. That any and all reasons offered by the Defendant as a reason for the Plaintiff's is pretextual.

81. That the Plaintiff has suffered severe emotional damages as a result of the Defendant's discrimination against the Plaintiff.

82. That the Plaintiff was subjected to discrimination based on consideration of his disability, the Defendant's perception of the Plaintiff's disability, or in consideration of the Plaintiff's disability, the Defendant violated the ADA.

83. That as a direct result of the Defendant's violation of ADA the Plaintiff has suffered:

ELECTRONICALLY FILED - 2022 Oct 21 8:50 AM - HORRY - COMMON PLEAS - CASE#2022CP2606587

    a.  Lost wages and lost benefits;

    b.  Future lost wages and Benefits;

    c.  Economic damages;

    d.  Economic hardship;

    e.  Lost wages;

    f.  Suffered anxiety, humiliation and emotional damages.

84.    That the Plaintiff is entitled to recover damages from the Defendant in the amount of actual damages, consequential damages, punitive damages, reasonable attorney's fees, the costs of this action and all other damages available pursuant to the ADA for the Defendant's discrimination against the Plaintiff based on his disability.

## FOR A SECOND CAUSE OF ACTION

## HOSTILE WORK ENVIRONMENT

## BASED ON ADA AGAINST THE DEFENDANT

85.    Paragraphs one (1) through eighty-four (84) are hereby incorporated verbatim.

86.    That the Plaintiff was an employee of the Defendant.

87.    That the Defendant was an employer in accordance with Americans with Disabilities Act.

88.    That the Defendants subjected the Plaintiff to harassment and hostile work environment.

89.    That the Plaintiff's work environment was abusive, to the point of severe and pervasive.

90.    That the Plaintiff suffered severe emotional distress as a result of the Defendant's hostile work environment based on the Plaintiff's disability.

91.    That the Plaintiff's severe emotional distress was foreseeable as a result of the severe and pervasive work environment that the Defendant subjected the Plaintiff.

92.    That the Plaintiff has been damaged as a result of the Defendant's work environment.

ELECTRONICALLY FILED - 2022 Oct 21 8:50 AM - HORRY - COMMON PLEAS - CASE#2022CP2606587

93. That the Defendant are the direct and proximate cause of damage to the Plaintiff.

94. That the Plaintiff is entitled to actual, compensatory, consequential and punitive damages from the Defendant as a result of the hostile work environment.

## FOR A THIRD CAUSE OF ACTION

## RETALIATION IN VIOLATION OF ADA

## AGAINST THE DEFENDANT

95. Paragraphs one (1) through ninety-four (94) are hereby incorporated verbatim.

96. That the Plaintiff participated in a protected act when he reported discrimination and retaliation.

97. That the Plaintiff was retaliated against for reporting violations of his Civil Rights Act.

98. That the Defendant took adverse employment action against the Plaintiff because he had engaged in actions protected by ADA and ADEA when he complained of discrimination and race discrimination.

99. That the Defendant treated the Plaintiff differently regarding the terms and conditions he reported discriminatory actions.  The Plaintiff suffered retaliation for his complaints regarding discrimination.

100. That, as a direct and proximate result of the Defendants' intentional unlawful and retaliatory actions, the Plaintiff:

    a.  Suffered lost wages and lost benefits;

    b.  suffered severe emotional distress;

    c.  suffered future lost wages and future lost benefits;

    d.  suffered economic damages;

    e.  Loss of employment;

ELECTRONICALLY FILED - 2022 Oct 21 8:50 AM - HORRY - COMMON PLEAS - CASE#2022CP2606587

f.   Loss of Future employment;

g.   incurred attorney fees for this action;

h.   incurred costs of this action; and

i.   will incur future attorney fees and costs.

101.    That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees previous, future and present, costs of previous future and this action, and other damages such as this Honorable Court deems appropriate and just.

## FOR A FOURTH CAUSE OF ACTION

## VIOLATIONS AGE DISCRIMINATION IN EMPLOYMENT ACT

102.    Paragraphs one (1) through one hundred and one (101) are hereby incorporated verbatim.

103.    That the Defendant treated the Plaintiff significantly differently based on his age.

104.    That the Defendant treated the Plaintiff sifnificantly different than it treated younger employees.  That the Defendant did not discipline younger employees for actions that would have been terminable offenses.

105.    That the Defendant permitted younger individuals to commit more egregious acts without discipline.

106.    That the Defendant's actions towards the Plaintiff violated the law.

107.    That the Defendant terminated the plaintiff from his employment in violation of the law because of his complaints of discrimination.

108.    That the Defendant is the direct and proximate cause of damage to the Plaintiff.

109.    That, as a direct and proximate result of the Defendant's intentional unlawful actions towards the Plaintiff based on the Plaintiff's age, the Plaintiff:

ELECTRONICALLY FILED - 2022 Oct 21 8:50 AM - HORRY - COMMON PLEAS - CASE#2022CP2606587

  a. suffered severe emotional distress;

  b. suffered future lost wages and future lost benefits;

  c. suffered economic damages;

  d. Loss of employment;

  e. Loss of Future employment;

  f. incurred attorney fees for this action;

  g. incurred costs of this action; and

  h. will incur future attorney fees and costs.

110. That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees previous, future and present, costs of previous future and this action, and other damages such as this Honorable Court deems appropriate and just.

WHEREFORE, the Plaintiff prays for an award of damages against the Defendant in the amount of:

A. Actual damages;

B. Consequential damages;

C. Compensatory damages;

D. Any and all damages permitted under ADEA;

E. Any and All damages permitted under the ADA;

F. Punitive damages;

G. All other damages under South Carolina Law;

H. Other damages such as this Honorable Court deems appropriate and just.

Respectfully Submitted,

*s/Bonnie Travaglio Hunt*
Bonnie Travaglio Hunt
Hunt Law LLC
Federal Bar # 07760
SC Bar # 12341
Attorney for the Plaintiff
4000 Faber Place Drive, Suite 300, N. Charleston, 29405
Post Office Box 1845, Goose Creek, SC 29445
(843)553-8709
Facsimile (843)492-5509
bthunt@huntlawllc.com

October 21, 2022

ELECTRONICALLY FILED - 2022 Oct 21 8:50 AM - HORRY - COMMON PLEAS - CASE#2022CP2606587

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | |

_____ and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **JACK JOHNSON** | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **Horry County Police Department** | **500 or more** | **843-915-5350** |

| Street Address | City, State and ZIP Code |
|---|---|
| **2560 N. Main Street, Suite 7, Conway SC 29526** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☒ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☒ OTHER (Specify) **Hostile work envir.**

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest **10/2019** Latest **To Present**

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. That I am a currently employee of the Horry County Police Department
II. That I suffer from a disability. I have a glass eye.
III. That recently during my employment I believe that I have discriminated against, demoted and subjected to a hostile work environment based on my disability.
IV. That other employees are treated more favorably that are outside my protected category.
V. That younger non-disabled employees are treated more favorably with assignments, promotions and overall work environment.
VI. That younger individuals have been treated more favorably and not disciplined for the same issues that I have been disciplined for.
VII. That individuals who are not perceived as disabled are treated more favorably, not bullied, not harassed, and not subjected to discrimination.
VIII. That I am being treated differently based on my age, disability, and former complaints of discrimination, harassment, and retaliation.
IX. That I have been discriminated against based on my age in violation of the Age Discrimination in Employment Act.
X. That I have been discriminated against based on my Disability in violation of ADA.
XI. That I was subjected to a hostile work environment based on my perceived Disability and Age in violation of Americans with Disabilities Act and the Age Discrimination in Employment Act.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 6/3/21 _____ Date    _____ Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

ELECTRONICALLY FILED - 2022 Oct 31 8:30 AM - HORRY - COMMON PLEAS - CASE#2022CP2600687

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | |

ELECTRONICALLY FILED - 2022 Oct 21 8:50 AM - HORRY - COMMON PLEAS - CASE#2022CP2606587

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

6/3/21
Date

Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

CP Enclosure with EEOC Form 5 (11/09)



**:T STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request ata and its uses are:

**NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

**2.    AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3.    PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4.    ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5.    WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under work-sharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

ELECTRONICALLY FILED - 2022 Oct 21 8:50 AM - HORRY - COMMON PLEAS - CASE#2022CP2606587





## STATE OF SOUTH CAROLINA
## HUMAN AFFAIRS COMMISSION

1026 Sumter Street, Suite 101
Columbia, South Carolina 29201
(803) 737-7800    (803) 737-7835 Fax

*Janie A. Davis*
*Commissioner*

*www.schac.sc.gov*
*(800)-521-0725 In-State*

ELECTRONICALLY FILED - 2022 Oct 21 8:50 AM - HORRY - COMMON PLEAS - CASE#2022CP2606587

Jack Johnson

RE: SCHAC # 4-21-136D,A
EEOC # 436-2021-01173
Jack Johnson v. Horry County Police Department

Dear Mr. Johnson:

This is to inform you that in accordance with your request, the Commission has issued to you the enclosed Notice of Right to Sue. The above-referenced complaint has been administratively closed. The Respondent is being notified by a copy of this letter.

This action concludes the Commission's processing of the subject complaint.

Sincerely,

*Janie A. Davis MC*

Janie A. Davis, Commissioner
Commissioner

Date *June 10, 2022*

*Enclosure: Notice of Right to Sue (issued upon request)*

*cc:  Horry County Police Department*
*     Bonnie Travaglio Hunt, Esq.*

*Our mission is to eliminate and prevent unlawful discrimination in employment, housing and public accommodations.*

**STATE HUMAN AFFAIRS COMMISSION**
1026 Sumter Street, Suite 101
Columbia, South Carolina 29201

**NOTICE OF RIGHT TO SUE**
(Issued on Request)

To: Jack Johnson

**Complainant**

vs.

Horry County Police Department
2560 N. Main Street, Suite 7
Conway, SC 29526

**Respondent**

**CHARGE  NUMBER:** 4-21-136D,A
**EEOC Number:**  436-2021-01173

**SCHAC REPRESENTATIVE:**
H. Shelton Lorick, Investigator

**TELEPHONE NUMBER:**
803-737-7800

This is your NOTICE OF RIGHT TO SUE.  It is issued at your request.  If you intend to sue the Respondent named in your charge, YOU MUST DO SO WITHIN ONE YEAR FROM THE ALLEGED VIOLATION OR WITHIN ONE HUNDRED TWENTY (120) DAYS FROM THE DATE OF ISSUANCE OF THIS NOTICE OF RIGHT TO SUE:  WHICHEVER OCCURS EARLIER:  OTHERWISE, YOUR RIGHT TO SUE IS LOST.

☒ More than 180 days have expired since the filing of this charge.

☐ Less than 180 days have expired since the filing of this charge, but I have determined that the commission will be unable to complete its administrative process within 180 days from the filing of the charge.

With the issuance of this NOTICE OF RIGHT TO SUE, the Commission is terminating any further processing of this charge.  You may contact the SCHAC representative named above if you need assistance finding an attorney or if you have questions about which Circuit Court has jurisdiction to hear your case.  An information copy of the NOTICE OF RIGHT TO SUE has been sent to the respondent(s).

On Behalf of the Commission:

_June 10, 2022_
Date of Issuance

_Janie A. Davis MC_
Commissioner

ELECTRONICALLY FILED - 2022 Oct 21 8:50 AM - HORRY - COMMON PLEAS - CASE#2022CP2606587

ELECTRONICALLY FILED - 2022 Oct 21 8:50 AM - HORRY - COMMON PLEAS - CASE#2022CP2606587

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Charlotte District Office**
129 West Trade Street, Suite 400
Charlotte, NC 28202
(980) 296-1250
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

**To:** Mr. Jack Johnson

Charge No: 436-2021-01173
EEOC Representative and email:    Sarah Strozeski
State, Local & Tribal Coordinator
sarah.strozeski@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

On behalf of the Commission,

Digitally Signed By: Sarah E. Strozeski for
_____                    _____
Date                                         Carmen M. Whaling
                                             Acting District Director

**Cc:** Jacqueline S Smith                    Bonnie Travaglio-Hunt
Horry County Government                      HUNT LAW LLC
1301 2nd Ave                                 P.O. Box 1845
CONWAY, SC 29526                             Goose Creek, SC 29445

Please retain this notice for your records.

ELECTRONICALLY FILED - 2022 Oct 21 8:50 AM - HORRY - COMMON PLEAS - CASE#2022CP2606587

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at:
http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

ı

Enclosure with EEOC Notice of Closure and Rights (01/22)

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

***Note:** Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.*



U.S. Department of Justice
Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

**VIA EMAIL**

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

August 23, 2022

Mr. Jack Johnson
c/o Bonnie Travaglio Hunt, Esquire
Hunt Law
PO Box 1845
Goose Creek, SC  29445

Re:  EEOC Charge Against Horry County Police Dept.
    No. 436202101173

Dear Mr. Johnson:

    Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action against the above-named respondent under:  Title I of the Americans with Disabilities Act of 1990,  42 U.S.C. 12111, et seq., and,  Title V, Section 503 of the Act, 42 U.S.C. 12203.

    If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

    The investigative file pertaining to your case is located in the EEOC Charlotte District Office, Charlotte, NC.

    This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                    Sincerely,

                    Kristen Clarke
                    Assistant Attorney General
                    Civil Rights Division

              by      /s/ Karen L. Ferguson
                    Karen L. Ferguson
                Supervisory Civil Rights Analyst
                Employment Litigation Section

cc: Charlotte District Office, EEOC
   Horry County Police Dept.

ELECTRONICALLY FILED - 2022 Oct 21 8:50 AM - HORRY - COMMON PLEAS - CASE#2022CP2606587